## Bussell v. Upper Darby Township School District

*Reilly, Pearce and Lynch,* for plaintiffs.

*R. Winfield Baile,* for defendant.

SWENEY, P. J., October 23, 1967.—This is an action in assumpsit to recover the sum of $4,900, with interest thereon from December 24, 1962, being one percent excise tax assessed by defendant township for the transfer of real estate.

The facts, which do not seem to be in dispute and which give rise to this litigation, reveal that, on December 24, 1962, Joan Realty Company transferred by deed the premises known as 6908-10 Market Street, Upper Darby, Pa., to John D. Bussell and George Zuckerman. The conveyance of 6908-10 Market Street was made pursuant to a plan of dissolution adopted by the Joan Realty Company at a meeting held on December 1, 1962. At that meeting, a resolution was adopted authorizing the distribution of the corporate assets to the stockholders, and the appropriate officers were directed to execute a deed to that effect. Plaintiffs herein, John D. Bussell and George Zuckerman, constituted all of the shareholders of the corporation. A certificate of election to dissolve the Joan Realty Company was filed and approved by the Department of State on January 14, 1963. Articles of dissolution were signed on August 7, 1963, and filed and approved in the Department of State on August 14, 1963.

The applicable provisions of the School District of the Township of Upper Darby real estate transfer tax provide:

"Section 3. (a). An excise tax . . . is hereby imposed upon every transfer . . . at the rate of one

(1%) per centum of the value of the real property . . . transferred.

"(b). An excise tax . . . is hereby imposed upon taking possession . . . at the rate of one (1%) per centum of the value of the real property . . . involved in the transfer, unless the tax imposed by Section 3(a) hereof shall have been paid . . .

"Section 4. (a) The tax imposed by Section 3(a) hereof shall be due from and paid by the transferor.

"(b) The tax imposed by Section 3(b) hereof shall be due from and paid by the transferee if the transferor . . . shall not pay the tax imposed by Section 3(a) hereof . . ."

Section 1 of the act defines a transfer as "The Transfer for *value* by *deed* of real property or of any interest in real property . . ."

Where the authorities of a political subdivision refuse or fail to make a refund of taxes to which the political subdivision is not legally entitled, the aggrieved taxpayer has the right to bring an action in assumpsit therefor: 72 PS §5566c.

The case of Commonwealth v. Passell, 422 Pa. 473, treated the question of whether the transfer of real estate from a corporation to its sole stockholders, pursuant to a plan envisioning a complete liquidation of the corporation, was subject to tax under the Realty Transfer Tax Act of the Commonwealth.

Factually, the Passell case is similar to the case at bar. The Supreme Court held that the realty transfer tax was intended to tax only certain transfer of real estate involving a real transfer of an interest in realty in which such interest is actually conveyed through the medium of a deed. If the conveyance of the interest in real estate occurs by operation of law and not by a "document", even though a confirmatory document is thereafter recorded, such transaction does not fall within the category of transactions made taxable under

the statute: Commonwealth v. Passell, supra, page 477.

The township argues that, assuming plaintiffs are not transferees of title by reason of a deed, but are transferees by operation of law, and assuming, therefore, that such transaction is not taxable under section 3 (a) of the Upper Darby realty transfer tax, the transaction is validly taxed as a levy upon the transferee for taking possession of the real estate. We do not believe that this is a valid contention. As we read this resolution, it only taxes the taking of possession of real estate, when the real estate has been involved in a transfer and the transferor has not paid a tax. It does not tax all acts of taking possession of real estate. As defined in the resolution, unless there has been a transfer, the taking of possession is not taxable.

Certain guidelines have been laid down by the legislature for the construction and understanding of laws: Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551. This act provides that the object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law should be construed, if possible, to give effect to all its provisions.

To interpret the Upper Darby School District real estate transfer tax resolution to permit taxation for "taking possession" in all cases would make it necessary to ignore some of the language of the resolution.

The decision in the Passell case, supra, has firmly established that the change in ownership, following corporate dissolution, is by operation of law and not by "document" or deed when the new owners are the sole stockholders of the dissolved corporation. The court said in the Passell decision, "While this transaction did effect a transfer of an interest in this realty, yet such transfer, having been effectuated by operation of law rather than by a 'document', is not taxable": Commonwealth v. Passell, supra, page 482.

750

Since we believe that the transaction in the case at bar was not a transfer for value, following the reasoning set forth in Passell, we must grant plaintiffs' motion for summary judgment and enter the following

DECREE

And now, October 23, 1967, it is ordered and decreed that summary judgment shall be entered in favor of plaintiffs and against defendant in the sum of $4,900, with interest at six percent per annum from December 24, 1962; an exception is allowed defendant.